T.C. Memo. 1999-317


UNITED STATES TAX COURT


MIGUEL A. BAUTA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17186-98.          Filed September 24, 1999.


Miguel A. Bauta, pro se.

<u>Nancy L. Spitz</u>, for respondent.


MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  Respondent determined deficiencies in petitioner's Federal income taxes in the amounts of $78 and $90 for the taxable years 1996 and 1997, respectively. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.

The sole issue for determination is whether petitioner is entitled to the earned income credit for the tax years 1996 and 1997.

This case was submitted fully stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Immokalee, Florida, when the petition in this case was filed.

During the years at issue, petitioner was incarcerated at a penal institution. Petitioner listed his occupation as beggar on his 1996 and 1997 Federal income tax returns. In 1996, petitioner received money from family and friends in the amount of $1,000. In 1997, petitioner received money from family and friends in the amount of $1,150. The family and friends who provided the money to petitioner had no expectation of repayment. During the years in issue, petitioner did not earn any income working for the prison.

Petitioner reported income from begging in the amount of $1,000 on his 1996 Federal income tax return and claimed an earned income credit in the amount of $78. Likewise, on his 1997 income tax return petitioner reported income from begging in the amount of $1,150 and claimed an earned income credit in the amount of $90.

Petitioner is not entitled to the earned income credit he claimed on his 1996 and 1997 tax returns. An eligible individual

is allowed an earned income credit for the taxable year in an amount equal to the credit percentage of so much of the taxpayer's earned income as does not exceed the earned income amount. See sec. 32(a). Earned income includes wages, salaries, tips, and other employee compensation. See sec. 32(c)(2)(A)(i).

The money petitioner received from begging does not meet the definition of earned income provided by section 32. Rather, the money petitioner received from his family and friends was received as a gift. A gift is a transfer that proceeds from a "'detached and disinterested generosity,' * * * out of affection, respect, admiration, charity or like impulses." Commissioner v. Duberstein, 363 U.S. 278, 285 (1960) (quoting Commissioner v. LoBue, 351 U.S. 243, 246 (1956)). In this case, petitioner's friends and family did not have an expectation of repayment or economic benefit. Instead, petitioner's family and friends transferred money to petitioner with a detached and disinterested generosity and out of charity.

With respect to the earned income credit, petitioner had no earned income and, therefore, is not entitled to the earned income credit.

Decision will be entered

for respondent.
